IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
Richmond Division

CHRISTOPHER B.,[1]

       Plaintiff,

v.

MARTIN O'MALLEY,[2]
*Commissioner of the Social Security Administration*,

       Defendant.

Civil Action No. 3:23-CV-283 (RCY)

**MEMORANDUM OPINION**
**(Adopting Report and Recommendation of the Magistrate Judge)**

Plaintiff Christopher B. challenges the Social Security Administration Commissioner's ("Commissioner" or "Defendant") final decision to deny his Title XVI application for Supplemental Security Income ("SSI"). On June 5, 2024, the Magistrate Judge issued a Report and Recommendation ("R&R") on the parties' cross-motions for summary judgment (ECF No. 17). The R&R recommended that the Court (1) deny the plaintiff's motion for summary judgment; (2) grant the Commissioner's motion for summary judgment; and (3) affirm the final decision of the Commissioner. Plaintiff has objected to the Magistrate Judge's R&R and asks that the Court reject the R&R and remand the matter for further administrative proceedings. For the reasons that follow, the Court will overrule Plaintiff's objections and will adopt the Magistrate Judge's R&R in full.

---

[1] The Committee on Court Administration and Case Management of the Judicial Conference of the United States has recommended that federal courts refer to claimants by their first names and last initials in social security cases.

[2] Martin O'Malley became the Commissioner of Social Security on December 20, 2023. Pursuant to Federal Rule of Civil Procedure 25(d), he has been substituted for former Acting Commissioner Kilolo Kijakazi as the Defendant in this action.

## I.   STANDARD OF REVIEW

A district court reviews *de novo* any part of a Magistrate Judge's disposition to which a party has *properly* objected.  Fed. R. Civ. P. 72(b)(3); *Wimmer v. Cook*, 774 F.2d 68, 73 (4th Cir. 1985).  Notably, as long as the "grounds for objection are clear, district court judges must consider them *de novo*, or else run afoul of both § 636(b)(1) and Article III."  *Elijah v. Dunbar*, 66 F.4th 454, 460 (4th Cir. 2023).

In conducting *de novo* review, a court analyzes the Commissioner's final decision using the same standard as that used by the Magistrate Judge.  The reviewing court must determine whether the factual findings are supported by substantial evidence and whether the proper legal standard was applied in evaluating the evidence.  *Johnson v. Barnhart,* 434 F.3d 650, 653 (4th Cir. 2005).  Substantial evidence requires "more than a mere scintilla of evidence but may be somewhat less than a preponderance" and includes "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion."  *Craig v. Chater*, 76 F.3d 585, 589 (4th Cir. 1996).  In reviewing for substantial evidence, courts may not "re-weigh conflicting evidence, make credibility determinations, or substitute [its] judgment for that of the [ALJ]."  *Id.*  Upon concluding its review, a court may then "accept, reject, or modify the recommended disposition; receive further evidence; or return the matter to the magistrate judge with instructions."  Fed. R. Civ. P. 72(b)(3).

## II.   ANALYSIS

The Court discerns two specific objections to the R&R.  First, Plaintiff argues that the Magistrate Judge engaged in "impermissible *post hoc* rationalization" in determining how the Administrative Law Judge ("ALJ") "adequately explained her supportability and consistency analysis" with respect to Therese May, Ph.D., and as such, the Magistrate Judge's recommended

finding may not be properly adopted. Pl.'s Obj. 3, ECF No. 18. Second, Plaintiff "objects to the recommended finding . . . that the ALJ's decision in this case is supported by substantial evidence," insofar as the Magistrate Judge accepted the ALJ's "rejection of Dr. May's disabling mental restrictions," thus "yield[ing] an RFC [that] is not supported by substantial evidence." *Id.* at 3–4. Plaintiff asserts that these errors are prejudicial, and that remand is warranted. *Id.* at 4.

The Court finds that Plaintiff's objections simply rehash Plaintiff's arguments from his motion for summary judgment: that "[t]he ALJ failed to adequately evaluate and sufficiently explain her analysis of the opinion of Therese May, Ph.D. who performed the agency's psychological exam . . . and the RFC is not supported by substantial evidence." Pl.'s Br. Supp. Mot. Sum. J. 1. *Compare id.*, *with* Pl.'s Obj. 3–4 (presenting same intertwined arguments). Plaintiff endeavors to couch at least the first argument as error on the part of the Magistrate Judge (e.g., that the Magistrate Judge engaged in "impermissible *post hoc* rationalization" by "filling in . . . gaps in the ALJ's opinion"). Pl.'s Obj. 3. But for the second argument, Plaintiff presents no actual claim of error; rather, he simply baldly states the objection. *See id.* at 3–4 ("Plaintiff objects to the recommended finding . . . that the ALJ's decision in this case is supported by substantial evidence.").

After conducting a *de novo* review of the administrative record and considering in detail Plaintiff's Objections and Motion for Summary Judgment, the Court is not persuaded on either count. The Court finds the R&R well-reasoned and supported by the record and applicable law. The Court thus will adopt the R&R in full.

As Magistrate Judge Speight explained, the ALJ's determination was based on "the evidence" as set out in her previous summarization of Plaintiff's treatment history, mental status examinations, statements to treatment providers, and activities of daily living. R&R 17

("Specifically, the ALJ explained that Dr. May's conclusions were largely inconsistent with the evidence, . . . for reasons discussed elsewhere in the decision."); R. at 702–04 (ALJ's previous summarization of record evidence); R. at 705–06 (ALJ's recitation of Dr. May's determination, followed by the ALJ's conclusion that such determination "is largely inconsistent with *the evidence*," in support of which the ALJ proceeded to summarize and cite to extensive portions of the record); *see also Todd A. v. Kijakazi*, No. 3:20cv594, 2021 WL 5348668, at *4 (E.D. Va. Nov. 16, 2021) ("[An] ALJ need not use any "particular language or adhere to a particular format" in issuing her decision.). As a result, the Court finds that the ALJ's factual findings are supported by substantial evidence.

### III. CONCLUSION

Having reviewed the record *de novo*, the Court will overrule Plaintiff's objections to the Magistrate Judge's R&R, adopt the R&R, grant the Commissioner's motion for summary judgment, and deny the Plaintiff's motion for summary judgment.

An appropriate Order will accompany this Memorandum Opinion.

/s/ RCY
Roderick C. Young
United States District Judge

Date: September 23, 2024
Richmond, Virginia